Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Don@DKLawOffice.com
Voice: (408) 264-8489
Fax: (408) 264-8487

Attorney for ROBERT FOREST

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

ROBERT FOREST,
    Plaintiff,

v.

CITY OF FORT BRAGG, FORT BRAGG
POLICE DEPARTMENT and FLOYD
HIGDON,
    Defendants.

Case No. C 09 5970 BZ

COMPLAINT

42 U.S.C. §§ 1983, 1988

JURY TRIAL DEMANDED

## INTRODUCTION

1. This is an action for money damages and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and civil code of the State of California.

2. It is alleged that one or more police officers employed by the CITY OF FORT BRAGG and/or the FORT BRAGG POLICE DEPARTMENT engaged in conduct that caused a wrongful and malicious prosecution of ROBERT FOREST.

3. It is further alleged that the policies and customs of the CITY OF FORT BRAGG and/or the FORT BRAGG POLICE DEPARTMENT are a legal and factual cause of the malicious prosecution of ROBERT FOREST.

# PARTIES

4. Plaintiff ROBERT FOREST is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Mendocino County.

5. Defendant FLOYD HIGDON is a natural person and was at all times relevant to this complaint a duly appointed and acting police officer in the FORT BRAGG POLICE DEPARTMENT for the CITY OF FORT BRAGG. Defendant FLOYD HIGDON acted at all relevant times, under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the CITY OF FORT BRAGG and/or the FORT BRAGG POLICE DEPARTMENT.

6. Defendant CITY OF FORT BRAGG is a municipal corporation and the public employer of the Defendant FLOYD HIGDON.

7. Defendant FORT BRAGG POLICE DEPARTMENT is a police department within the City of Fort Bragg, California. The FORT BRAGG POLICE DEPARTMENT is/was the direct employer of Defendant FLOYD HIGDON at all relevant times.

8. At this time, Plaintiff is ignorant of any additional Defendants. If additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants in accordance with the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

10. Venue for this action is proper under 28 U.S.C. §§ 1391 and Civil L.R. 3-2(d) and/or 3-2(f).

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## CONDITIONS PRECEDENT

11. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

## STATEMENT OF FACTS

12. On November 8, 2006 in Fort Bragg, California, Plaintiff ROBERT FOREST, while in lawful possession of a firearm pursuant to California Penal Code § 12050, used said firearm in lawful self-defense by drawing and exhibiting the weapon during an assault on his person. The use of the firearm in this manner resulted in no physical injuries to any person. The weapon was not discharged. The person who committed the assault was Stanley Douglass.

13. After the assault described in ¶12, Plaintiff ROBERT FOREST was contacted by the FORT BRAGG POLICE DEPARTMENT about the incident. ROBERT FOREST volunteered to appear at the FORT BRAGG POLICE DEPARTMENT the next day for an interview and to report the incident to the police for the purpose of charging Stanley Douglass with assault.

14. On November 9, 2006, after giving a taped statement, ROBERT FOREST was arrested by Sergeant Brandon Lee of the FORT BRAGG POLICE DEPARTMENT on charges of violating California Penal Code § 245. The arrest was made on the orders of FLOYD HIGDON, who held the rank of Lieutenant within that department.

15. Despite repeated requests that he be permitted to file a criminal complaint against Stanley Douglass, the Defendants did not permit ROBERT FOREST to swear out a complaint against Stanley Douglass.

16. Prior to November 9, 2006, ROBERT FOREST was a reserve officer in the FORT BRAGG POLICE DEPARTMENT and had professional and personal disagreements with FLOYD HIGDON. However, ROBERT FOREST was not a reserve officer with that department at the time he was arrested.

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

17. Sergeant Brandon Lee and Lt. FLOYD HIGDON had a disagreement about whether to book Plaintiff ROBERT FOREST and permit his release on bail at the Fort Bragg Police Station, or to transport ROBERT FOREST to the county jail in Ukiah for booking and posting of bail. Lt. FLOYD HIGDON insisted on transporting ROBERT FOREST to the county jail. Sergeant Brandon Lee researched the issue and ROBERT FOREST was permitted to post a $30,000 bond to secure his release on bail after being booked at the Fort Bragg Police Station.

18. The firearm carry permit that was issued to ROBERT FOREST under California Penal Code § 12050, was revoked by the Mendocino Sheriff's Office as a result of his arrest for an alleged violation of Penal Code § 245 by the FORT BRAGG POLICE DEPARTMENT.

19. ROBERT FOREST has lived in the Fort Bragg community for over twenty-five years. He was well known to the law enforcement community in that city. Stanley Douglass was an apparently homeless man, known to the FORT BRAGG POLICE DEPARTMENT to be an aggressive and excitable pan-handler with a history of bizarre conduct. Despite knowledge of these facts, the Defendants engaged in conduct and omissions that resulted in ROBERT FOREST being wrongfully charged with a crime.

20. On or about December 5, 2006, the Mendocino County District Attorney's Office filed a felony criminal complaint against ROBERT FOREST alleging violation of California Penal Code § 245(a)(2). The case number for *People v. Robert Forest* is MCTM-CRCR-06-74772-02. The felony complaint was filed based upon the police reports submitted, and evidence gathered (and omitted) by the FORT BRAGG POLICE DEPARTMENT.

21. On January 18, 2008 the case against ROBERT FOREST was dismissed.

22. During the discovery phase of the criminal case against ROBERT FOREST the following facts were uncovered:

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Forest v. City of Fort Bragg　　　　　Page 4 of 8　　　　　Complaint

    a.    Sergeant Brandon Lee's police report about the incident was altered before it was submitted to the District Attorney's office. The alterations included deletions and additions to the text that strengthened the case against ROBERT FOREST.

    b.    A supplemental report by Sergeant Brandon Lee, with exculpatory information in favor of ROBERT FOREST was initially omitted from the reports sent to the District Attorney's office.

    c.    On December 12, 2006, Sergeant Brandon Lee sent an e-mail to the Chief of the FORT BRAGG POLICE DEPARTMENT (Mark Puthuff) complaining about the alterations to his reports and the fact that this policy was "pretty typical" for the FORT BRAGG POLICE DEPARTMENT.

    d.    The taped interview given by ROBERT FOREST to the FORT BRAGG POLICE DEPARTMENT on November 9, 2006 had been edited and/or altered.

    e.    The FORT BRAGG POLICE DEPARTMENT failed to conduct an adequate investigation into the history of unstable mental health and the violent nature of Stanley Douglass, the man who assaulted ROBERT FOREST on November 8, 2006.

23.    The wrongful conduct of the Defendants, and each of them, resulted in the following:

    a.    A criminal action was instituted and maintained for over one year against Plaintiff ROBERT FOREST;

    b.    The case against ROBERT FOREST terminated in his favor with a dismissal of all charges;

    c.    There was no probable cause to initiate or maintain the action against Plaintiff ROBERT FOREST for the following reasons:

        i.    ROBERT FOREST had a constitutional right of self defense;

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

      ii.    ROBERT FOREST had a statutory right to carry a firearm for self defense;

      iii.    The man who assaulted ROBERT FOREST was a mentally impaired and aggressive pan-handler;

      iv.    ROBERT FOREST exercised his right of self defense in a reasonable and lawful manner on November 8, 2006;

      v.    The edited police reports and incomplete investigation of this matter by the Defendants initiated, prolonged and extended the case to the detriment of ROBERT FOREST.

d. The Defendant FLOYD HIGDON acted maliciously based on his animosity toward Plaintiff.

e. The Defendants CITY OF FORT BRAGG and the FORT BRAGG POLICE DEPARTMENT acted with malice and reckless disregard of the rights of all citizens by maintaining a policy, practice or custom of permitting the unauthorized editing of evidence submitted to the District Attorney's office in criminal prosecutions.

f. The action of the Defendants, and each of them, violated the clearly established and well settled federal constitutional rights of Plaintiff to be free from unreasonable seizure of his person from the moment of his arrest on November 9, 2006, until the dismissal of the charges against him on January 18, 2008; during which time the criminal case against Plaintiff was pending and he was required to maintain a $30,000.00 deposit with the County of Mendocino for his bail.

24. The wrongful conduct of the Defendants, and each of them, was a direct and proximate cause of the wrongful arrest and malicious prosecution of ROBERT FOREST resulting in the following injuries and damages:

a. Violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

from unreasonable seizure of his person;

b. Loss of his physical liberty;

c. Damage to his reputation;

d. Loss of a concealed weapon carry permit;

e. Emotional trauma associated with being a criminal defendant;

f. Monetary losses associated with defending himself against false charges, including but not limited to: attorney fees, costs, investigation, loss of use of bail funds, lost wages, salary and profits due to court appearances and preparation of the defense.

**FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983
AGAINST ALL DEFENDANTS – MALICIOUS PROSECUTION
FOURTH AMENDMENT, UNITED STATES CONSTITUTION**

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Plaintiff ROBERT FOREST claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for a violation of his constitutional rights under color of law.

**SECOND CLAIM FOR RELIEF: 42 U.S.C. § 1983
AGAINST DEFENDANTS: CITY OF FORT BRAGG and FORT BRAGG
POLICE DEPARTMENT – MALICIOUS PROSECUTION
FOURTH AMENDMENT, UNITED STATES CONSTITUTION**

27. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

28. Defendants CITY OF FORT BRAGG and the FORT BRAGG POLICE DEPARTMENT have developed and maintained polices or customs exhibiting deliberate indifference to the constitutional rights of persons under their jurisdiction, which caused the violations of Plaintiff ROBERT FOREST's rights.

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

29. It was the policy and/or custom of the CITY OF FORT BRAGG and the FORT BRAGG POLICE DEPARTMENT to inadequately and improperly investigate complaints of police misconduct, and acts of misconduct were instead tolerated by the Defendants.

30. Furthermore, it was the policy and/or custom of the CITY OF FORT BRAGG and the FORT BRAGG POLICE DEPARTMENT to inadequately supervise, train and discipline its police officers, including the Defendant officer FLOYD HIGDON, thereby failing to discourage further constitutional violations.

31. The above-described polices and customs demonstrate a deliberate indifference on the part of policy-makers of the CITY OF FORT BRAGG to the constitutional violations of the Plaintiffs rights alleged herein.

WHEREFORE, the Plaintiff ROBERT FOREST **demands a jury trial** and requests that this Court:

   A. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in an amount according to proof;

   B. Award costs of this action to the Plaintiff;

   C. Award reasonable attorney fees and costs to the Plaintiff on the First and Second Claims of the complaint;

   D. Injunctive and declaratory relief against the Defendants to prevent future violations;

   E. Such other and further relief as this Court may deem appropriate.

Dated: December 18, 2009,

Donald E. J. Kilmer, Jr. [SBN: 179986]
Attorney for Plaintiff ROBERT FOREST

Donald Kilmer
Attorney at Law
1645 Willow Street
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Forest v. City of Fort Bragg            Page 8 of 8            Complaint